IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY MELVIN MORELAND,

        Plaintiff,

v.                                          Case No. 13-cv-1224-JTM-KMH

INTERNAL REVENUE SERVICE,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant United States of America's Motion to Dismiss (Dkt. 5).[1] After reviewing the parties' briefs and the evidence submitted with them, the court grants the motion for the following reasons.

Plaintiff Roy Melvin Moreland is a resident of Augusta, Kansas. Moreland owns numerous items of tangible and intangible property located within the State of Kansas. Defendant United States of America has filed three tax liens on property owned by Moreland, evidenced by three "Notice of Federal Tax Lien" forms that were filed by the defendant with the Register of Deeds in Butler County, Kansas. Based on these three liens, Moreland has $92,639.71 in federal income taxes assessed against him.

On June 10, 2013, Moreland filed this case against the United States of America alleging the Internal Revenue Service's instruments are procedurally and substantively incorrect and are without merit. On August 9, 2013, the United States moved for

---

[1]Plaintiff Roy Melvin Moreland, appearing *pro se*, named the Internal Revenue Service as the defendant in this case. the IRS is not proper party in this suit. The IRS, as an agency of the United States, cannot be sued *eo nomine* ("by the name"), absent the express consent of Congress. *See Blackmar v. Guerre*, 342 U.S. 512, 514–15 (1952). The court construes his complaint liberally and substitutes the United States of America as the defendant.

dismissal of the complaint on numerous grounds, including this court's lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**Legal Standard**

The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case unless the defect can be corrected by amendment. *Smith v. McCullough*, 270 U.S. 456, 459, 46 S. Ct. 338 (1926).

**Analysis**

The government argues Moreland has failed to allege a waiver of sovereign immunity by the government and has therefore failed to set forth allegations sufficient to establish federal subject matter jurisdiction. In Moreland's complaint, he contends that this court's jurisdiction to hear his claim is based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.*[2]

The United States is a sovereign and may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Nordic Village*, 503 U.S. 30, 34 (1992). A waiver of sovereign immunity may not be implied, but must be

---

[2]In his response, Moreland cites 28 U.S.C. § 1346(a) as a jurisdictional basis for his claim. That statute operates in conjunction with 26 U.S.C. § 7422 to provide a limited waiver of sovereign immunity in tax refund suits only when the plaintiff has paid the full amount of the tax and followed certain specific procedures (such as filing an administrative refund claim). *United States v. Dalm*, 494 U.S. 596, 601 (1990); *see also United States v. Williams*, 514 U.S. 527, 531–32 (1995). Moreland has not paid the tax at issue and is not seeking a refund in this matter, so § 1346 is not applicable.

unequivocally expressed. *United States v. King*, 395 U.S. 1, 4 (1969). Federal statute may waive sovereign immunity. *Bruno v. United States*, 547 F.2d 71, 73 (8th Cir. 1976). However, no suit may be maintained against the sovereign unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued. *United States v. Sherwood*, 313 U.S. 584, 586 (1941). The party bringing the suit has the burden of showing a waiver of sovereign immunity. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). Moreland has not met his burden.

The Tenth Circuit has already foreclosed on using 5 U.S.C. § 702 as a basis for jurisdiction in this type of case:

> The Administrative Procedure Act itself is not a grant of jurisdiction for the review of agency actions. *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977). The language of this section and the amendments thereto merely suggest that sovereign immunity will not be a defense in an action in which jurisdiction already exists. *Watson v. Blumenthal*, 586 F.2d 925, 932 (2d Cir. 1978); *Lee v. Blumenthal*, 588 F.2d 1281, 1283 (9th Cir. 1979). Section 702 by its very terms disclaims any "authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702(2). . . . Congress has provided express methods by which proposed deficiencies, assessments, or collections of taxes may be challenged, and express prohibition in the Anti–Injunction Act, 26 U.S.C. § 7421(a) against suits brought for the purpose of restraining the assessment or collection of any tax except in the prescribed manner.

*Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

As was mentioned in *Lonsdale*, Moreland's requests for releasing tax liens filed or levies made against him are prohibited by the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The purpose of the Anti-

3

Injunction Act is to protect the "Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, 'to require that the legal right to disputed sums to be determined in a suit for refund,' [citations omitted]," and to protect "the collector from litigation pending in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–37 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 8 (1962) (the goal of the statute is to avoid suspending the collection of taxes). The Act appears to have been enacted with a case such as this in mind.

Although statutory and judicial exceptions to the Anti-Injunction Act exist, Moreland's complaint does not qualify for either. Section 7421(a) provides that its rule barring tax injunctions applies "[e]xcept as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436." Moreland does not allege that any of these statutory exceptions apply to this case.

The judicial exception is applicable only where the government has no chance of success on the merits and the taxpayer has no other remedy available to avoid irreparable harm. *Bob Jones Univ.*, 416 U.S. at 746–748. Regardless of the government's chances on the merits, Moreland fails to qualify for the judicial exception because he has other legal remedies available. Once he has filed the proper claims and otherwise complied with the requirements of 26 U.S.C. §§ 7432 or 7433, Moreland may sue for damages or refund. Additionally, the Internal Revenue Code provides an administrative remedy for a taxpayer who wishes to contest the validity or amount of

4

any tax assessment by the IRS. Before the IRS can engage in any action to collect an assessment or enforce a tax lien or levy against a taxpayer's property, the IRS must provide notice of its intention to the taxpayer and allow the taxpayer an opportunity to request a CDP (collection due process) hearing. See 26 U.S.C. § 6330(b). When a taxpayer requests a CDP hearing, the IRS must immediately halt all collection and enforcement activities until the IRS Office of Appeals rules on the taxpayer's claim. 26 U.S.C. § 6330(e). If the taxpayer is displeased with the IRS's decision after these procedures are completed, the taxpayer may appeal the ruling to the U.S. Tax Court or, in some cases, to the U.S. District Court. This is the only mechanism for a taxpayer to challenge a tax assessment unless the taxpayer fully pays the taxes and files a claim for refund. 26 U.S.C. § 7422(a); 28 U.S.C. § 1346(a)(1); *United States v. Dalm*, 494 U.S. 596 (1990).

Moreland has not alleged that any of these actions took place. The Anti-Injunction Act bars this suit, as Moreland has other legal remedies available. Similarly, the declaratory relief Moreland seeks—*e.g.*, a determination that the assessments were erroneous and that his property is not subject to levy—is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201, which prohibits declaratory judgments "with respect to federal taxes." *See Ambort v. United States*, 392 F.3d 1128, 1140 (10th Cir. 2004).

For all of the reasons above, the court has no subject matter jurisdiction over Moreland's claims. The case is dismissed.

IT IS THEREFORE ORDERED this 17th day of September, 2013, that the government's motion to dismiss (Dkt. 5) is granted.

                                            s/J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE